IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFERY McCARTER, # 176854, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:13cv500-WHA |
| | ) (WO) |
| KENNETH SCONYERS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama prisoner Jeffery McCarter ("McCarter"). Doc. No. 1.[1] For the reasons stated below, the court finds that McCarter's petition should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## I. BACKGROUND

On August 9, 2011, a Houston County jury found McCarter guilty of second-degree rape, in violation of § 13A-6-62, Ala. Code 1975. On September 21, 2011, the trial court sentenced McCarter as a habitual felony offender to 30 years in prison.

McCarter appealed, asserting claims that (1) the trial court, by granting the State's motion *in limine*, denied him the opportunity to present evidence to show that the victim had a motive and opportunity to fabricate her allegations against him; (2) he was prejudiced by

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Exhibits filed by the respondents' with their Answer are referenced as "Resp'ts Ex." Page references are to those assigned by CM/ECF.

the trial court's refusal to give his proposed jury instructions; and (3) his sentence was excessive. Resp'ts Ex. 3.

On August 10, 2012, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed McCarter's conviction and sentence. Resp'ts Ex. 4. McCarter's application for rehearing was overruled, and the Alabama Supreme Court denied his petition for certiorari review. Resp'ts Exs. 5-7. A certificate of judgment was issued on October 15, 2012. Resp'ts Ex. 8.

On July 11, 2013, McCarter filed this § 2254 petition, presenting as his sole claim that the trial court denied his right to present a defense when it granted the State's motion *in limine* to exclude evidence he says would have demonstrated the victim's motive for fabricating allegations against him. Doc. No. 1 at 5.

## II.  DISCUSSION

McCarter's claim was fully discussed by the Alabama Court of Criminal Appeals in its memorandum opinion on direct appeal:

> McCarter first argues that the trial court arbitrarily denied him the opportunity to present a complete defense to the charge of rape by granting the State's motion in limine. Specifically, he contends that this ruling denied him his opportunity to present evidence to show that H.C. [the victim] had motive and opportunity to fabricate her allegations against him. He argues that the trial court prohibited him from testifying about H.C.'s motive, and the trial judge arbitrarily admitted portions of H.C.'s taped interview, but excluded the portions during which she admitted having conversations with the two female patients about their failed attempts to get transferred from Laurel Oaks

2

behavioral facility.[2] McCarter maintains that the United States Supreme Court in *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006), has held that a trial court's authority to procedurally exclude evidence must give way to a criminal defendant's right to present a complete defense and, thus, he should have been given a chance to present evidence showing H.C.'s motive.

The State argues that the evidence indicating that other female residents at Laurel Oaks made out-of-court statements accusing McCarter of the same acts would constitute inadmissible hearsay evidence. The State further claims that, if the court had allowed McCarter's counsel to offer collateral act evidence for admission, that evidence would be violative of Rule 404(b), Ala. R. Evid., highly prejudicial and not strategically beneficial to McCarter's defense.

In the present case, the State made an oral motion in limine prior to trial asking the circuit court to prohibit defense counsel from discussing whether there were other victims who made similar allegations against McCarter. The State argued that the false accusations by others were not relevant and had no bearing on this case because H.C. never made a false accusation. In response to the State's motion, defense counsel argued that evidence of the false allegations by other girls was relevant and was a substantial part of McCarter's defense. Specifically, defense counsel argued that because the false allegations by the other girls were the exact allegations that H.C. made in this case, and due to evidence that H.C. wanted to be let out of Laurel Oaks, McCarter contended that she learned how to make the allegations by talking to the other girls. Defense counsel also argued that H.C. made known to a Child Advocacy Center worker during a video-taped interview, as well as in some other reports, that she knew of these other persons and the allegations, and that the allegations were made prior to her making the same allegations.

The trial court granted the State's motion in limine, and also stated that it would wait for the evidence to be presented at trial before reopening the issue. During testimony at trial, McCarter's counsel requested that the court allow him to present evidence of the existence of the prior false allegations by

---

[2] Laurel Oaks, in Dothan, Alabama, is a residential treatment facility for children and adolescents with behavioral disorders. At the time of the offense, H.C. was fifteen years old and a resident-patient at Laurel Oaks. McCarter, thirty-eight years old at the time of the offense, worked at Laurel Oaks as a mental health technician with the responsibility of providing daily care and protection for patients.

the other girls, as well as evidence that H.C. knew of these allegations and formed a motive and plan to make her allegations against McCarter. The circuit court again denied defense counsel's motion.

"The decision to grant or deny a motion in limine rests within the sound discretion of the trial court, and that decision will not be overturned on appeal absent an abuse of discretion." *Marshall v. State*, 999 So. 2d 762, 775 (Ala. Crim. App. 2007) (citing *Hulsey v. State*, 866 So. 2d 1180, 1188 (Ala. Crim. App. 2003)). "'Rulings on the materiality, relevancy, and remoteness of evidence are matters resting within the discretion of the trial court. Such rulings will not be disturbed unless there is a showing that the court's ruling was a gross abuse of discretion.'" *Marshall*, 992 So. 2d at 776 (quoting *Moseley v. Lewis & Brackin*, 583 So. 2d 1297, 1300 (Ala. 1991)).

"It is the duty of the trial judge to limit the evidence to matters in issue so that the jury is not distracted from the main issue or to questions which are of doubtful relevancy." *Lawrence v. State*, 443 So. 2d 1351, 1354 (Ala. Crim. App. 1983) (citing *Gulley v. State*, 342 So.2d 1362 (Ala. Crim. App. 1977)). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Ala. R. Evid. "The trial court may exclude evidence when it is such as to furnish a basis for nothing more than mere conjecture or remote inferences to the transaction under investigation." *Trawick v. State*, 431 So. 2d 574, 578 (Ala. Crim. App. 1983). Moreover, ". . . a trial court is allowed to limit the admission of relevant evidence during trial if the evidence's 'probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' Rule 403, Ala. R. Evid." *Adams v. State*, 821 So. 2d 227, 235 (Ala. Crim. App. 2001).

The record indicates that the circuit court did not abuse its discretion in determining that the proffered evidence was not relevant to the case at hand. The fact there may have been other false allegations against this defendant by other individuals and that the victim may have known about the allegations has no bearing on any issue in the present case and does nothing more than present conjecture or remote inferences. Accordingly, the trial court properly excluded such evidence and did not abuse its discretion when it granted the State's motion in limine.

Resp'ts Ex. 4 at 2-4 (footnote added).

"As a general rule, a federal court in a habeas corpus case will not review the trial court's actions concerning the admissibility of evidence," *Alderman v. Zant*, 22 F.3d 1541, 1555 (11th Cir. 1994), since the state court "has wide discretion in determining whether to admit evidence at trial, and may exclude material evidence when there is a compelling reason to do so." *Lynd v. Terry*, 470 F.3d 1308, 1314 (11th Cir. 2006); *see also Baxter v. Thomas*, 45 F.3d 1501, 1509 (11th Cir. 1995) (evidentiary ruling claims reviewed only to determine whether the alleged error "was of such magnitude as to deny fundamental fairness").  Where the petitioner claims that the state court's evidentiary ruling deprived him of due process, the habeas court asks only whether the error was of such magnitude as to deny the petitioner his right to a fair trial, i.e., whether the error "was material as regards a critical, highly significant factor." *Alderman*, 22 F.3d at 1555; *see also Kight v. Singletary*, 50 F.3d 1539, 1546 (11th Cir.1995).  Claims in this regard are subject to a harmless error analysis and will not support federal habeas relief unless the asserted error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quotation omitted).

At trial, H.C. testified that McCarter had sexual intercourse with her in a linen room in a residential unit at Laurel Oaks.  Resp'ts Ex. 2-C at 17-19.  H.C. was fifteen years old

when the incident occurred and McCarter was thirty-eight.[3]  A rape-kit examination performed on H.C. revealed the presence of semen in her panties with a DNA profile matching McCarter's DNA.  Resp'ts Ex. 2-B at 107-08.

McCarter's trial counsel thoroughly cross-examined H.C. and attempted to impeach her testimony through inconsistencies or by suggesting that she did not like being at Laurel Oaks, wanted to be transferred to a facility closer to her father, and was motivated to fabricate allegations against McCarter to obtain a transfer out of Laurel Oaks.  Resp'ts Ex. 2-C at 24-41.

McCarter testified and claimed that H.C. "came on" to him during the linen-room incident, pulled her pants down, and indicated she wanted to have sex with him, but that he rebuffed her sexual advances and told her to put her clothes back on.  Resp'ts Ex. 2-C at 51-53.  According to McCarter, H.C. then pulled her pants up and, as he was telling her the situation was inappropriate, he masturbated in front of her until he ejaculated.  *Id*. at 54-55.  McCarter maintained that he never touched H.C. during the incident or made any sexual contact with her.  *Id*. at 54-55, 61, 91.  He could not explain the presence of his semen in H.C.'s panties.  *See id.* at 82, 86-88.

Here, it was within the trial court's discretion to find that supposedly false allegations

---

[3] McCarter was tried for second-degree rape, in violation of § 13A-6-62, Ala. Code 1975. That statute makes it an offense for a person "16 years old or older [to] engage[ ] in sexual intercourse with a member of the opposite sex less than 16 and more than 12 years old . . . provided . . . the actor is at least two years older than the member of the opposite sex." § 13A-6-62(a)(1), Ala. Code 1975.

against McCarter by other individuals in unrelated incidents – even if H.C. knew of those allegations – was not relevant to any issue in the case at hand. The notion that H.C.'s awareness of such allegations formed a motive to make her allegations against McCarter is based entirely on conjecture and thinly supported inferences. Moreover, even without bringing in evidence of the unrelated incidents, McCarter's trial counsel suggested during cross-examination that H.C. was motivated to fabricate allegations against McCarter to obtain a transfer out of Laurel Oaks – supposedly, McCarter's purpose for seeking to introduce the evidence of the unrelated incidents. Furthermore, even if the evidence was relevant, the state court found it inadmissable under the reasoning of Ala.R.Evid. 403, which allows the exclusion of relevant evidence if the probative value is outweighed by unfair prejudice, confusion of the issues, or misleading the jury. Evidence of false allegations against McCarter by other individuals in unrelated cases was substantially less probative to show a motive for H.C.'s allegations than it was likely to confuse the issues and mislead the jury by unfairly – and improperly – suggesting that H.C.'s allegations were false merely because other individuals had made false allegations in unrelated cases. Thus, this court cannot say that McCarter was denied a fundamentally fair trial because of the exclusion of this evidence. *Alderman*, 22 F.3d at 1555. Consequently, he is not entitled to habeas relief based on this claim.[4]

---

[4] The court also finds that the Alabama Court of Criminal Appeals' decision rejecting McCarter's claim was not contrary to, or an unreasonable application of, clearly established
(continued...)

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief under 28 U.S.C. § 2254 filed by McCarter be DENIED and that this case be DISMISSED with prejudice. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 25, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions

---

[4](...continued)
United States Supreme Court precedent, and it was not based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000).

of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 11th day of September, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE